## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RAE FORTUNATO

      Plaintiff,

vs.                                  Case No. _____

PUNEET GHEI, M.D.

      Defendant.

### COMPLAINT FOR MEDICAL NEGLIGENCE AND JURY DEMAND

For her cause of action, Plaintiff states:

1. Plaintiff Rae Fortunato is an individual domiciled and residing in New Mexico.

2. Upon information and belief, Defendant Puneet Ghei, M.D. ("GHEI") is an individual domiciled and residing in Texas.

3. Upon information and belief, all acts complained of in this Complaint occurred in Doña Ana County, New Mexico.

4. This Court has personal jurisdiction over GHEI pursuant to NMSA 1978 § 38-1-16(A) and the federal due process requirements as set forth in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) and *McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957).

5. The amount in controversy exceeds $75,000.

6. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. § 1332(a).

7. At all times relevant to this lawsuit, GHEI was not a Qualified Healthcare Provider, within the meaning of NMSA 1978 § 41-5-5.

8. At all times relevant to this lawsuit, GHEI was a medical doctor licensed to practice medicine in New Mexico as a diagnostic radiologist.

9. On or about June 9, 2009, Plaintiff went to Stefan Schafer, MD for treatment of vertigo, nausea, vomiting and tinnitus ("SYMPTOMS"). Dr. Schafer ordered a MRI, which was performed at The Imaging Center in Las Cruces, New Mexico.

10. On or about June 16, 2009, GHEI interpreted the MRI. GHEI's impression of the MRI was "Chronic periventricular white matter microvascular angiopathic changes. Otherwise unremarkable pre and post contrast enhanced MRI of the brain."

11. Plaintiff returned to Dr. Schafer, who discussed GHEI's findings with Plaintiff. Dr. Schafer recommended diet and lifestyle changes to treat the SYMPTOMS, which Plaintiff implemented.

12. From 2009 through 2012, Plaintiff continued to experience the SYMPTOMS and continued hearing loss on her right side.

13. On July 17, 2012, Plaintiff went to ENT Ravi Gorav, MD with chief complaint of hearing loss on the right side. Dr. Gorav ordered an MRI, which was performed at The Imaging Center in Las Cruces, NM on July 20, 2012.

14. Rama Devasthali, MD interpreted the July 20, 2012 MRI as showing a 2 x 1.3 x 1.3 cm enhancing lesion in right cerebellopontine angle extending into the internal auditory canal. Dr. Devasthali believed the enhancing lesion was likely vestibulocochlear schwannoma, which is also known as an acoustic neuroma.

15. Plaintiff returned to Dr. Gorav with the 2009 MRI and 2012 MRI reports. Soon after, Dr. Gorav obtained the films from the 2009 and 2012 MRIs and compared the two.

16. On or about July 30, 2012, Dr. Gorav met with Plaintiff to discuss the 2012 MRI. Dr. Gorav explained how he had reviewed the 2009 MRI that GHEI had interpreted as normal, and informed Plaintiff that the lesion was readily visible on the 2009 MRI. It was on this date that Plaintiff had reason to believe that the Defendant had been medically negligent with respect to his 2009 MRI interpretation.

17. Dr. Gorav referred Plaintiff to MD Anderson, where Plaintiff presented on August 15, 2012 with a chief complaint of episodes of dizziness, headaches, loss of hearing on the right side, nausea, ear pain, short-term memory loss and jaw numbness. Plaintiff came under the care of Paul Gidley, MD, a neurotologist at MD Anderson.

18. Dr. Gidley consulted with radiation oncologist Paul D. Brown, MD. On or about August 15, 2012, Dr. Brown reviewed the 2009 MRI and saw a contrast-enhancing lesion involving the right CPA measuring approximately 1.2 cm at the greatest dimension. Dr. Gidley also identified the lesion in the 2009 MRI.

19. Dr. Gidley also consulted with Franco DeMonte, MD. Dr. DeMonte reviewed the 2009 MRI and saw a predominantly intracanalicular lesion that measured approximately 1 cm along the length across the porus acusticus by approximately 7 mm.

20. Dr. DeMonte compared the 2009 MRI to the 2012 MRI and indicated significant growth of the lesion from 2009 to 2012. Dr. Gidley also concluded that the tumor had grown between 2009 and 2012.

21. Plaintiff was admitted to MD Anderson on August 28, 2012 for brain surgery. Drs. Gidley and DeMonte surgically resected the tumor with the translabyrinthine approach.

## COUNT I: MEDICAL NEGLIGENCE

22. Plaintiff realleges all previous paragraphs.

3

23. GHEI was negligent in his treatment of Plaintiff on June 16, 2009. GHEI failed to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified diagnostic radiologists, practicing under similar circumstances, giving due consideration to the locality involved. GHEI's negligence included, but is not limited to negligently interpreting the 2009 MRI and failing to identify the tumor that was visible.

24. As a direct result of GHEI's negligence, and the delayed diagnosis of acoustic neuroma, Plaintiff suffered damages. The delayed diagnosis allowed the tumor to grow significantly, which caused permanent injury to Plaintiff and which made surgical resection necessary as opposed to more conservative treatment methods. As a result of GHEI's negligence, Plaintiff damages include, but are not necessarily limited to:

    a.   pain and suffering, past and future;

    b.   permanent physical injury and impairment;

    c.   medical expenses; and

    d.   partial loss of enjoyment of life.

## JURY DEMAND

25. Plaintiff hereby demands trial by jury.

WHEREFORE, Plaintiff requests compensatory damages against GHEI in an amount to exceed $75,000, costs, pre- and post-judgment interest and such other relief as is permitted by law.

4

**GREGORY W. CHASE, P.C.**
7801 Academy NE
Building 2, Suite 104
Albuquerque, NM 87109
(505) 888-6463
(505) 888-6465 FAX
*Attorneys for Plaintiff*

By:     /s/
        Gregory W. Chase
        Andrew Scholl